### Henry Henderson v. The State.

No. 3833.  Decided February 6, 1907.

**1.—Burglary—Indictment—Day or Night Burglary—Charge of Court.**

The general allegation that the house was broken or entered by force is sufficient ordinarily to cover a night or day burglary; but where the burglary is alleged to have been committed at night, and there was no direct evidence as to when the house was entered, the court should have charged that if the burglary was committed in the daytime, defendant should be acquitted.

**2.—Same—Juvenile Offender—Reformatory—Verdict.**

Where upon trial for burglary, the verdict failed to specify the age of the defendant and assessed a penalty in the reformatory, there was reversible error.

Appeal from the District Court of Hunt.  Tried below before the Hon. R. L. Porter.

Appeal from a conviction of burglary; penalty, two years in the reformatory.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—There are two questions for which this judgment must be reversed.  First, the failure of the court to instruct the jury that if the burglary was committed in the daytime appellant should be acquitted.  The allegation is that the burglary was committed at night.  There is no direct evidence as to when the house was entered, if it was entered.  The State introduced a policeman, and a merchant who bought the property sought to be shown to have been taken from the house.  The policeman testified that the confession or statements of appellant were to the effect that the property came into his possession in the evening about 6 o'clock, the burglary having occurred in April.  The merchant testified that he bought the sausage grinder from appellant at his place of business, conveying the idea that it was during business hours.  The case is one purely of circumstantial evidence, and the circumstances relied upon to show that it was a night-time burglary are that the owner of the house passed it one evening in going home and was not at it again for twenty-four to forty-eight hours.  Under this statement of the record,

we are of opinion that a charge should have been given to the effect that if the burglary was committed in daytime it did not support the positive allegation of a night-time burglary. It is not incumbent upon the pleader to state whether it was night or day under ordinary burglary indictments. The general allegation that the house was broken and entered by force is sufficiently ordinarily to cover a night or day burglary. This proposition was laid down in Carr v. State, 19 Texas Crim. App., 635, and numerous subsequent decisions. If appellant entered the house and did so in the daytime he could not be convicted under this indictment because it charges a night burglary.

The second question for reversal is that the facts show appellant under 15 years of age, and the court instructed the jury in accordance with this evidence, that if they should find his age to be under 15 years and assessed the penalty at five years or less, they could send him to the reformatory instead of the penitentiary. The verdict sends appellant to the reformatory after assessing his punishment at two years, but fails to specify his age as required by the statute. See Bates v. State decided January 23, 1907. For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*